# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DEBRA JEAN DAVIS, | |
| Plaintiff, | No. C16-167-LTS |
| vs. | MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Kelly K.E. Mahoney, United States Magistrate Judge. *See* Doc. No. 15. Judge Mahoney recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case for the ALJ to further develop the record with regard to the effect of plaintiff Debra Jean Davis' carpal tunnel syndrome (CTS) on her residual functional capacity (RFC). Neither party has objected to the R&R. The deadline for such objections has expired.

## II.   APPLICABLE STANDARDS

### A.   *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept

as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817,

822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

B.   *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Davis applied for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1385 (Act), on June 25, 2013, alleging disability beginning on that date due to degenerative disc disease, depressive disorder, anxiety disorder, substance abuse disorder, CTS and eating disorder. *See* Doc. No. 15 at 2-3; AR at 71-73. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Davis was not disabled as defined in the Act.

Davis argues the ALJ erred in determining that she was not disabled because:

1. The ALJ failed to properly evaluate the work-related limitations from examining physician Dr. Mark C. Taylor.

2. The ALJ's RFC assessment was not supported by substantial medical evidence from a treating or examining source.

3. The ALJ's RFC assessment is flawed because the ALJ discounted Davis's subjective allegations without identifying inconsistencies in the record as a whole.

*See* Doc. No. 12. Judge Mahoney addressed each argument separately, beginning with Davis' credibility and the credibility of her significant other, Walter Dolley. She then addressed Dr. Taylor's opinion followed by the medical evidence in support of the RFC.

With regard to Davis' credibility, the ALJ found her allegations of disabling back and shoulder pain to be inconsistent with her activities of daily living and other medical evidence in the record, including objective medical evidence. AR at 76-80. He also noted that her global assessment of functioning (GAF) scores reflected only moderate

4

symptoms and limitations (AR at 77, 80) and that her sporadic work history raised the question of whether her current unemployment was "truly the result of medical problems." AR at 79. Judge Mahoney concluded these were all good reasons supported by substantial evidence for discrediting Davis' subjective allegations.

The ALJ gave Dolley's statements limited weight for the same reasons. AR at 79. He also noted that because Dolley is not medically trained, the accuracy of his statements was questionable. *Id.* Judge Mahoney found these were good reasons supported by substantial evidence for giving Dolley's statements little weight. Doc. No. 15 at 9-10.

Judge Mahoney next considered the opinion of the consultative examiner, Dr. Taylor. Dr. Taylor examined Davis in September 2013 and assigned the following limitations:

- Sit, stand, and walk occasionally but would need to alternate as needed for comfort due to back and right hip pain

- Lift no more than twenty pounds "between knee and chest level on a rare to occasional basis" and lift less than ten pounds "above shoulder level or below knee level"

- Perform only occasional handling, gripping, and grasping with upper extremities

- Cannot tolerate any repetitive use of the hands or any forceful grasping and pinching

- Can never wear gloves "due to bilateral hand numbness and tingling and pain"

- Can never use tools or respirators

AR at 423-24. The ALJ gave only some weight to Dr. Taylor's opinion, noting that his exam was brief, he relied on Davis' "subjective reports of symptoms, history of treatment, and limitations" and that he (the ALJ) "found the claimant slightly more

limited" than Dr. Taylor had.[1] AR at 80. Judge Mahoney found the ALJ did not err in discounting Dr. Taylor's opinion based on the reasons provided. Doc. No. 15 at 11-12.

Finally, with regard to medical evidence in support of the RFC, the ALJ gave "substantial weight" to the state agency consultants' opinions, but Judge Mahoney noted that his RFC assessment "varied greatly from their opinions." *Id*. at 13-14. The state agency consultants found that Davis had the following limitations:

- Sit, stand and walk for six hours in an eight-hour day without the need to shift positions

- Frequently climb ladders, stairs and crawl

- No problems stooping or kneeling

- No manipulative limitations

- Can lift 25 to 50 pounds

AR at 145-46; 159-61. However, the ALJ's RFC assessment included the following limitations:

- Stand and walk for only two hours in an eight-hour day

- Occasionally climb stairs and never climb ladders

- Occasionally kneel, stoop and crawl

- No manipulative limitations with regard to right arm but can engage in only frequent handling, fingering, and reaching with her left arm

- Can lift 10 pounds

---

[1] The ALJ mistakenly refers to the consultative examiner as Dr. Kuhnlein. While Dr. Kuhnlein is in Dr. Taylor's practice group, it was Dr. Taylor who performed the consultative examination and signed the report. *See* Doc. No. 419-24.

AR at 75, 80. The ALJ attributed the difference in the limitations to new evidence in the record that was not available to the state agency consultants. AR at 80. This evidence consisted of Davis' diagnosis of CTS in her left arm in March 2014 and evidence that she regularly sought treatment for back pain after the state agency consultants issued their opinions. Doc. No. 15 at 14 (citing AR at 516, 523, 582, 640, 653).

Judge Mahoney concluded that limitations associated with Davis' degenerative disc disease were supported by some medical evidence, including Dr. Taylor's and the state agency medical consultants' opinions. *Id.* at 14-15. However, with regard to limitations associated with Davis' CTS, Judge Mahoney found that the record lacked supporting medical evidence. *Id.* at 15. Judge Mahoney noted the state agency medical consultants did not provide any manipulative limitations because they did not find Davis' CTS to be a severe impairment. *Id.* This was excused because Davis had not alleged CTS in her disability application and there was little evidence in the record that she had wrist and arm problems at the time the state agency consultants reviewed the records and issued their opinions.

With regard to the ALJ's finding that Davis suffered from CTS in her left upper extremity, Judge Mahoney stated that the only medical opinion evaluating Davis' limitations with regard to CTS came from Dr. Taylor. *Id.* at 16. The ALJ discounted Dr. Taylor's opinion with regard to handling and fingering, finding that Davis was less limited, *i.e.*, could handle frequent, rather than occasional, handling and fingering. *Id.* The only other medical evidence the ALJ relied on to support this opinion was: (1) a June 2013 record in which Davis did not report left wrist pain when she was hospitalized for abdominal pain and vomiting and (2) objective tests showing "grips were 4/5 but symmetrical and she was able to fist, oppose, and fully extend," although could not do so repetitively and (3) a record from March 2014 indicating she demonstrated "clinical signs of left [CTS]" but "no cervical radiculopathy or peripheral neuropathy." *Id.* (citing AR at 76-77).

Judge Mahoney concluded that the ALJ's limitations related to CTS were not supported by "some medical evidence" because there was no medical source or opinion supporting Davis' ability to perform frequent handling and fingering with CTS. *Id*. at 16. Moreover, the VE's testimony was also flawed because the three jobs identified by the VE that Davis could perform all require frequent handling and fingering. *Id*. at 16-17. Therefore, Judge Mahoney recommends the case be remanded for further development of the record with regard to the effects of Davis' CTS in her left upper extremity, which may include providing updated treatment notes to a state agency medical consultant to review and reassess Davis' work-related limitations. *Id*.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in concluding that the RFC was not supported by some medical evidence with regard to the effects of Davis' left upper extremity CTS on her ability to work. Therefore, I find no error – clear or otherwise – in her recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney' R&R (Doc. No. 15) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Mahoney's recommendation:
   a. The Commissioner's determination that Davis was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.
   b. Judgment shall enter in favor of Davis and against the Commissioner.

    c.     If Davis wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 31st day of August, 2017.

_____
Leonard T. Strand, Chief Judge